**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GUSTAVO MCKENZIE,<br>Plaintiff,<br>v.<br>R. CASILLAS, J. NUTT, M.D. CARPIO, J. OLIVO, HECTOR LOPEZ, D. RODERICK, E. URIBE, E. CASTILLO, R. LIZARRAGA, B. HATFIELD, J. SALCEDA, DOE 1, P. ALANIS,<br>Defendants. | Civil No. 12cv1602 BEN (RBB)<br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. 1915(d) & (e)(1) [ECF NO. 35]** |

Plaintiff Gustavo McKenzie, a state prisoner proceeding pro se and in forma pauperis, initiated this civil rights action pursuant to 42 U.S.C. 1983, alleging that Defendants violated the First Amendment when they retaliated against him for filing internal grievances and a civil action against prison employees. (Compl. 7-17, ECF No. 1; Order Granting Pl.'s Mot. Proceed In Forma Pauperis 1, ECF No. 4.)[1] Before the Court is McKenzie's Motion for

[1] Because the Complaint is not consecutively paginated, the Court will cite to the page numbers assigned by the electronic case filing system.

Appointment of Counsel, filed nunc pro tunc to January 2, 2013 [ECF No. 35].

## I. Procedural Background

This lawsuit relates to a civil rights action McKenzie filed on March 25, 2010, against several prison employees in California Superior Court ("underlying action"). That case was subsequently removed to the United States District Court for the Southern District of California on December 8, 2010. See McKenzie v. Ellis, No. 10cv1490–LAB (MDD), 2011 U.S. Dist. LEXIS 118373, at *1-2 (S.D. Cal. July 18, 2011) (report and recommendation regarding defendants' motion to dismiss complaint). In the underlying action, McKenzie claimed that Defendants violated his First and Fourteenth Amendment rights when they refused to accommodate his religious dietary needs. Id. at *1-5. Plaintiff's federal claims were dismissed without leave to amend, and his state claims were remanded to the California Superior Court on September 13, 2012. McKenzie v. Ellis, No. 10cv1490-LAB [MDD] 2012 U.S. Dist. LEXIS 130973, at *1 (S.D. Cal. Sept. 13, 2012) (order dismissing federal claims and remanding case to state court).

McKenzie filed his Complaint in this matter on June 27, 2012, naming thirteen Defendants [ECF No. 1]. Plaintiff alleges that Defendants retaliated against him for filing internal grievances and the underlying lawsuit. (Compl. 7-17, ECF No. 1.) Plaintiff maintains that Defendants have engaged in various retaliatory actions, including breaking Plaintiff's typewriter; writing a false rule violation report; "maliciously" imposing various sanctions as punishment; refusing to accommodate Plaintiff's religious dietary requirements even though he had a "Religious Diet Card"; removing

McKenzie from the "Religious Diet List"; threatening to fight Plaintiff; denying McKenzie "allowable books, hygiene items[,] and some collectible postcards[]" that were provided to everyone else housed in Plaintiff's unit; and arbitrarily rejecting McKenzie's inmate grievances. (Id. at 8-17.)

On October 2, 2012, Defendants filed a Motion to Revoke Plaintiff's IFP Status and Dismiss [ECF No. 20] ("Motion to Revoke and Dismiss"). Defendants maintain that McKenzie has three strikes within the meaning of 28 U.S.C. § 1915(g) and that he is not in imminent danger of serious physical injury. (Defs.' Mot. Revoke & Dismiss 2, ECF No. 20.) Plaintiff filed an Opposition, claiming that Defendants' Motion to Revoke and Dismiss was untimely pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i) and that he does not have three strikes within the meaning of 28 U.S.C. § 1915(g). (Opp'n Defs.' Mot. Revoke & Dismiss 5-11, ECF No. 22.)[2] Defendants filed their Reply on November 2, 2012, asserting that their motion was timely filed pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(ii) and that McKenzie failed to show that he does not have three strikes within the meaning of 28 U.S.C. § 1915(g). (Defs.' Reply Pl.'s Opp'n 1-2, ECF No. 23.) Defendants' Motion to Revoke and Dismiss is currently pending before the Honorable Roger T. Benitez.

Plaintiff submitted a Motion for Entry of Default against Defendant J. Nutt, which was filed nunc pro tunc to November 30, 2012 [ECF No. 29]. Nutt filed an opposition on December 11, 2012, stating that he timely responded in this case before McKenzie moved

[2] The Court cites to the page numbers assigned by the electronic case filing system.

for default. (Def.'s Opp'n Mot. Entry Default 2, ECF No. 30.) Plaintiff filed a reply on December 26, 2012 [ECF No. 32]. The Honorable Roger T. Benitez denied McKenzie's Motion for Entry of Default on January 3, 2013 [ECF No. 33].

Plaintiff's Motion for Appointment of Counsel ("Motion") was filed nunc pro tunc to January 2, 2013 [ECF No. 35]. McKenzie asserts that appointed counsel is appropriate for several reasons: (1) Defendants' ongoing retaliation is resulting in "periodic denials of access to the facility's law library"; (2) his medical condition (open-angle glaucoma) has resulted in the loss of vision in his right eye, which has "become a major impediment in the preparation of documents"; (3) he is a "layman at law"; and (4) he has been unable to obtain independent counsel. (Mot. Appointment Counsel 5, ECF No. 35.)

**II. Discussion**

Plaintiff requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution does not provide a right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). Nonetheless, district courts maintain discretion to appoint counsel for indigent persons. 28 U.S.C.A. § 1915(e)(1) (West 2012). This discretion may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Neither of these factors is dispositive and both must be viewed together before reaching a decision . . . .

Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (alteration in original) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). When examining a plaintiff's ability to proceed pro se, courts generally require, as a threshold matter, the plaintiff to show that (1) he is indigent, and (2) he "has made a reasonably diligent effort to secure counsel." Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993); see also Cota v. Scribner, No. 09cv2507-AJB (BLM), 2012 U.S. Dist. LEXIS 20460, at *2-3 (S.D. Cal. Feb. 16, 2012).

McKenzie alleges that he has "writ[en] to numerous pro bono attorneys, and legal clinics, with no response." (Mot. Appointment Counsel 5, ECF No. 35.) Thus, Plaintiff appears to have made a reasonably diligent effort to obtain counsel. See Cota, 2012 U.S. Dist. LEXIS 20460, at *3 (holding that the plaintiff had shown a reasonably diligent effort to secure counsel by "stat[ing] that he attempted to secure counsel on his own[]" (emphasis added) (citing Bailey, 835 F. Supp. at 552)). Appointment of counsel is nonetheless inappropriate at this time because McKenzie's Complaint may not withstand Defendants' pending Motion to Dismiss [ECF No. 20]. See Harris v. Duc, No. S CIV 06-2138 DOC, 2009 U.S. Dist. LEXIS 68786, at *10 (E.D. Cal. July 21, 2009) (denying motion to appoint counsel due to insufficient information to assess likelihood of success on merits); see also Bailey, 835 F. Supp. at 552.

Defendants filed a motion to revoke Plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g), alleging that McKenzie has accumulated three strikes within the meaning of the statute, and he is not in imminent danger of serious bodily injury. (Defs.'

Mot. Revoke & Dismiss 2, ECF No. 20.)  Judge Benitez issued a minute order indicating that the motion would be submitted on the papers; the hearing date was vacated; and the court intended to issue a written order [ECF No. 24].

Section 1915(g) prohibits a prisoner from proceeding in forma pauperis if, while incarcerated, he has brought at least three prior lawsuits "in a court of the United States that [were] dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted . . . ." 28 U.S.C.A. § 1915(g) (West 2006).  A defendant who challenges a plaintiff's in forma pauperis status bears the initial burden of providing the court with documentation of prior dismissals that count as strikes under § 1915(g).  Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005).  After a defendant has produced sufficient evidence to make a prima facie case for revocation of a plaintiff's in forma pauperis status, the burden shifts to the plaintiff, who "bears the ultimate burden of persuading the court that § 1915(g) does not preclude [in forma pauperis] status."  Id.

"[O]nce a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other action [in forma pauperis] in federal court unless he is under 'imminent danger of serious physical injury.'"  McNeil v. Eply, No. 09-2485 BEN (CAB), 2009 U.S. Dist. LEXIS 120520, at *3 (S.D. Cal. Dec. 28, 2009) (quoting 28 U.S.C. § 1915(g)).  "Prisoners qualify for the exception based on the alleged conditions at the time the complaint was filed."  Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007); see also id. at 1056-57 (holding that plaintiff satisfied the imminent danger exception in § 1915(g) because he alleged that

the defendants' ongoing practice of housing plaintiff with contagious cell mates placed him at risk of contracting serious disease). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing." Id. at 1055 (internal quotation marks omitted).

McKenzie does not make any plausible allegations that he faced imminent serious bodily injury on June 27, 2012, the date he filed his Complaint. See id. Although Plaintiff contends that Defendant Uribe threatened to fight McKenzie six months earlier, on January 22, 2011, Plaitniff does not state that the threat is ongoing, nor does he maintain that he is in imminent danger of serious bodily injury. (See Compl. 13, EFC No. 1; Opp'n Defs.' Mot. Revoke & Dismiss 1-2, ECF No. 22); see also Tierney v. Atkins, No. 12-00308 SOM/KSC, 2012 U.S. Dist. LEXIS 76982, at *6 (D. Haw. June 4, 2012). "'[A] prisoner's allegation that he faced danger in the past' does not satisfy § 1915(g)'s imminent danger exception[]." Tierney, 2012 U.S. Dist. LEXIS 76982, at *6 (quoting Abdul-Akbar v. McKelvie, 239 F.3d 307, 311 (3rd Cir. 2001)); see also Cervantes, 493 F.3d at 1053 ("[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."). Thus, if the imminent danger exception in § 1915(g) does not apply, and Plaintiff has three strikes under the statute, he will lose his ability to proceed without the prepayment of filing fees. See Griffin v. U.S. Marshals, No. 10cv2246 H (CAB), 2010 U.S. Dist. LEXIS 127779, at *5 (S.D. Cal. Nov. 30, 2010) (denying in forma pauperis status and dismissing for failure to pay filing fee).

In support of their Motion to Revoke and Dismiss, Defendants have identified six of Plaintiff's previous cases that they contend count as five strikes under § 1915(g),[3] along with supporting documents. (Defs.' Mot. Revoke & Dismiss Attach. #1 Mem. P. & A. 3-5, ECF No. 20; id. Attach. #2 Defs.' Req. Judicial Notice, 1-60.) In his Opposition to Defendants' Motion to Revoke, McKenzie argues that (1) the motion is untimely; (2) he does not have three strikes under § 1915(g); and (3) the district court should not take judicial notice of Defendants' submissions. (See Opp'n Defs.' Mot. Revoke & Dismiss 4-11, ECF No. 22.)

Because Judge Benitez has not yet ruled on Defendants' Motion Revoke and Dismiss, it is too early for this Court to assess Plaintiff's likelihood of success on the merits. The resolution of Defendants' pending motion is uncertain, and if granted, whether McKenzie will pay filing fees or post security for the filing fees is unknown.

McKenzie has also failed to show that exceptional circumstances justify the appointment of counsel. Plaintiff insists that he lacks sufficient legal knowledge to proceed without the assistance of counsel. (Mot. Appointment Counsel 5, ECF No.

---

[3] Defendants maintain that Plaintiff's following prior cases count as strikes under 28 U.S.C. § 1915(g): (1) McKenzie v. Woodford, Case No. 1:04-cv-05903-AWI-WMW (E.D. Cal. Dec. 20, 2007) (dismissed); (2) McKenzie v. Ellis, Case No. 3:10-cv-01490-LAB (MDD) (S.D. Cal. Sept. 12, 2012) (federal claims dismissed and remaining claims remanded to state court); (3) McKenzie v. Alameda, Case No. CV-02-07551 (C.D. Cal. Dec. 10, 2002) (dismissed), combined with Ninth Circuit dismissal in McKenzie v. Alameda, Case No. 03-55221 (9th Cir. 2003); (4) McKenzie v. Woodford, Case No. 1:06-cv-00062-OWW-LJO (E.D. Cal. Dec. 23, 2006) (dismissed); and (5) McKenzie v. Woodford, Case No. 1:06-cv-01490-AWI-SMS (E.D. Cal. Feb. 15, 2007) (dismissed). (Defs.' Mot. Revoke & Dismiss Attach. #1 Mem. P. & A. 3-5, ECF No. 20; see also id. Attach. #2 Req. Judicial Notice 1-60.)

35.)  This argument is unpersuasive, however, as McKenzie has demonstrated in his Complaint that he can adequately articulate the facts to support his causes of action.  See Pough v. Almager, No. 08cv1498 JM(RBB), 2010 U.S. Dist. LEXIS 51782, at *1-3 (S.D. Cal. May 26, 2010) (finding no exceptional circumstance due to factual complexity because plaintiff grasped "the legal issues involved" and was able to "adequately set[] forth a factual basis for his claims[]"); Shields v. Davis, No. C 07-0157 RMW (PR), 2008 U.S. Dist. LEXIS 90687, at *2-3 (N.D. Cal. Oct. 27, 2008) (denying motion for appointment of counsel because the case was not particularly complex).  McKenzie is an experienced litigant.  He possesses a sufficient understanding of his claims, the facts, and the law to continue to represent himself.

McKenzie further asserts that he has suffered "periodic denials of access to the facility's law library . . . ."  (Mot. Appointment Counsel 5, ECF No. 35.)  "However, the Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." Lindquist v. Idaho State Bd. of Corr., 776 F.2d 851, 858 (9th Cir. 1985) (citation omitted).  Plaintiff has timely filed an Opposition to Defendants' Motion Revoke and Dismiss [ECF No. 22], as well as a Motion for Clerk's Entry of Default [ECF No. 29], and a Reply to Defendant Nutt's Opposition to Plaintiff's Motion for Clerk's Entry of Default [ECF No. 32].  McKenzie also filed the current Motion, complete with citations to relevant authority.  (See Mot. Appointment Counsel 7-8, ECF No. 35.)  Plaintiff has not shown that he does not have reasonable access to a law library or other means

of conducting legal research, or that he is subjected to burdens beyond those ordinarily experienced by pro se plaintiffs.

Finally, McKenzie maintains that he suffers from open-angle glaucoma, for which he has undergone several surgeries, and from which he has lost the ability to see with his right eye. (Id. at 5.) Plaintiff urges that his medical condition has "become a major impediment in the preparation of documents . . . ." (Id.) McKenzie has not demonstrated how his physical infirmity impairs his ability to proceed pro se. Based on the filings to date, Plaintiff appears to be able to adequately present his claims. See Jones v. Frazesn, No. 2:07-cv-02769 RCT, 2009 U.S. Dist. LEXIS 49639, at *2-3 (E.D. Cal. June 1, 2009) (finding no exceptional circumstance when plaintiff claimed his pain medication impaired his ability to read and write).

McKenzie has not established that he is unable to proceed as a pro se litigant. See Harris, 2009 U.S. Dist. LEXIS 68786, at *11-13 (finding no exceptional circumstances, in part, because plaintiff was able to submit adequate documentation and motion work); see also Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (reviewing district court's denial of appointed counsel for abuse of discretion and explaining that a finding of exceptional circumstances justifying appointment of counsel requires an evaluation of plaintiff's ability to articulate his claims); Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996) (holding district court did not abuse its discretion in denying plaintiff appointed counsel, in part because plaintiff adequately filed a complaint and other pretrial materials). Plaintiff's situation is similar to that of other incarcerated pro se

plaintiffs. McKenzie has demonstrated that he is able to adequately present his claims. See Harris, 2009 U.S. Dist. LEXIS 68786, at *11-13; Agyeman, 390 F.3d at 1103; Plummer, 87 F.3d at 1033.

Plaintiff has not established exceptional circumstances that entitle him to appointed counsel. See Agyeman, 390 F.3d at 1103. The Court denies McKenzie's request without prejudice as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); see also Terrell, 935 F.2d at 1017.

**III. CONCLUSION**

For the above reasons, Plaintiff Gustavo McKenzie's Motion for Appointment of Counsel is **DENIED.**

**IT IS SO ORDERED.**

DATED: April 16, 2013

Ruben B. Brooks
United States Magistrate Judge

cc: Judge Benitez
All parties of record