FILED

13 SEP 16 PM 4:23

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: \_\_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO McKENZIE,<br>CDCR #D-17477,<br><br>                              Plaintiff,<br><br>vs.<br><br>R. CASILLAS; J. NUTT; M.D. CARPIO; J. OLIVO; HECTOR LOPEZ; D. RODERICK; E. URIBE; E. CASTILLO; R. LIZARRAGA; B. HATFIELD; DOE 1; P. ALANIS; J. SALCEDA,<br><br>                             Defendants. | Civil No.   12cv1602 BEN (RBB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ORDER REQUIRING PLAINTIFF TO PAY FULL CIVIL FILING FEE AND REVOKING ORDER GRANTING PLAINTIFF LEAVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(g)**<br><br>[ECF No. 20] |

## I. PROCEDURAL HISTORY

On June 27, 2012, and while incarcerated at Corcoran State Prison located in Corcoran, California, Plaintiff, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 regarding conditions of his confinement when he was incarcerated at Calipatria State Prison. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2.)

On July 19, 2012, the Court granted Plaintiff's Motion to Proceed IFP and directed service of the Plaintiff's Complaint on the named Defendants. (ECF No. 4.) Defendants have now filed a "Motion to Revoke Plaintiff's IFP Status and to Dismiss for Failure to Pay Filing Fee." (ECF No. 20.) Plaintiff has filed an Opposition to which Defendants have filed a Reply. (ECF Nos. 22, 23.)

## II. DEFENDANTS' MOTION

In this Motion, Defendants seek revocation of Plaintiff's IFP status and dismissal of this action for failing to pay the initial civil filing fee. (*See* Mot. [ECF No. 20-1], at 1-2.) Defendants also seek judicial notice of previous civil filings by Plaintiff. (*See* RJN [ECF No. 20-2].) A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). In this case, the Court finds it is appropriate to take judicial notice of the documents attached to Defendants' Notice.

Defendants argue that Plaintiff is not entitled to IFP status in this matter based on his previous litigation history. *See* 28 U.S.C. § 1915(g). In addition, Defendants argue that Plaintiff's Complaint has "made no allegations to support a claim that he is currently in 'imminent danger of serious physical injury'." *Andrews v. Cervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (hereafter "*Cervantes*") (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

### A. Standard

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended § 1915 to preclude the privilege to proceed IFP:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Cervantes*, 493 F.3d at 1052 (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

### B.   Application of 28 U.S.C. § 1915(g)

Defendants set forth six (6) matters, filed by Plaintiff, which they argue constitute "strikes" under 28 U.S.C. § 1915(g). Plaintiff correctly notes, and Defendants concede, that the second "strike" listed in their papers cannot be considered a "strike" for the purposes of this matter. (*See* Reply [ECF No. 23], at 3.) Therefore, the Court will consider the other matters submitted by Defendants in determining whether Plaintiff is barred from proceeding IFP pursuant to 28 U.S.C. § 1915(g).

1. ***McKenzie v. Woodford***, **E.D. Cal. Civil Case No. 1:04-cv-05903-AWI-WMW (Order Dismissing Action [ECF No. 26] and Adopting Findings and Recommendation to dismiss action for failure to state a claim dated December 20, 2007)**

Defendants argue that this case is clearly a "strike" for § 1915(g) purposes. Plaintiff argues, however, that he "was never served/never received the U.S. Magistrate's Report and Recommendation." (Opp'n [ECF No. 22], at 7.) As a result, Plaintiff maintains he was "denied the right to file an objection to the R&R." (*Id.*) However, while the record in this matter does show that the "Findings and Recommendation" were returned "undeliverable" to Plaintiff, the docket in this matter also fails to reflect any effort on Plaintiff's part to update the Court with his current address nor did he ever seek to challenge the judgment that was entered nearly six (6) years ago. The Ninth Circuit has recently held that a "dismissal ripens into a 'strike' for § 1915(g) purposes on the 'date of the Supreme Court's denial or dismissal of petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." *Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011) (citations omitted). Here, Plaintiff's time to appeal has long since passed. Therefore, based on the documents found in the docket of this matter, this Court finds that the dismissal of this action for failing to state a claim should be considered a "strike."

2. ***McKenzie v. Alameida, et al.***, **C.D. Cal. Civil Case No. CV-02-07551-UA -PJW) (Order re Leave to File Action Without Prepayment of Full Filing Fee dated December 10, 2002)**

In this action, Plaintiff's Motion to Proceed IFP was denied on the grounds that the action was "[l]egally and/or factually patently frivolous." (*Id.*) Plaintiff argues that the one page document attached as Exhibit "D" to Defendants' Request for Judicial Notice is "misleading." (Opp'n at 8.) Plaintiff appears to argue the merits of this matter that was dismissed in the Central District in 2002. (*Id.*) However, the Ninth Circuit has held that when a district court denies a Motion to Proceed IFP on the grounds that the

complaint is "'frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g)." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Accordingly, this Court finds that the denial of IFP due to the underlying matter being "patently frivolous" is a "strike" pursuant to § 1915(g).

### 3. *McKenzie v. Alameida, et al.*, Case No. 03-55221 (9th Cir. 2003) (Order denying Plaintiff's Motion to Proceed IFP and dismissing Appeal [Doc. Nos. 15, 18] dated May 20 and June 20, 2003)

Defendants argue that Plaintiff's appeal of a dismissal determined to be frivolous should also be considered a "strike" for § 1915(g) purposes. In this matter, the district court determined that Plaintiff's appeal was not taken in good faith. *See McKenzie v. Alameida, et al.*, C.D. Cal. Civil Case No. CV-02-07551-UA-PJW) (Order denying Motion to Proceed IFP on Appeal [Doc. No. 9] certifying that the "proposed appeal is not taken in good faith under 28 U.S.C. 1915(a) and is frivolous, without merit and does not present a substantial question within the meaning of 28 U.S.C. 753(f) dated February 21, 2003.")

The Ninth Circuit affirmed the district court's finding that the appeal was not taken in good faith and "confirm[ed] that appellant is not entitled to in forma pauperis status for this appeal." (*McKenzie v. Alameida, et al.*, Case No. 03-55221 (9th Cir.), Doc. No. 15, Order denying Motion to Proceed IFP on Appeal and directing Plaintiff to pay civil filing fee). When Plaintiff failed to pay the civil filing fee, the Ninth Circuit dismissed the appeal. (*Id.*, Doc. No. 18.) The Ninth Circuit has held that "strikes" pursuant to § 1915(g) are "prior cases *or appeals*, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[] to state a claim." *Lira v. Herrera*, 427 F.3d 1164, 1170 n.7 (9th Cir. 2005) (emphasis added). Here, Plaintiff's appeal was dismissed because the Ninth Circuit denied his IFP on the grounds that his appeal was frivolous. Accordingly, this Court finds that this matter constitutes Plaintiff's third "strike."

### 4. Imminent danger of serious physical injury

There is an exception to the three strikes bar of § 1915(g) if there is a "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). However, at the time Plaintiff filed this Complaint regarding incidents at Calipatria State Prison, he was housed in a different prison. Moreover, there are no claims in Plaintiff's Complaint that he faced "imminent danger of serious physical injury" while housed at Corcoran relating to the claims in this action and he does not submit any argument in his Opposition to rebut Defendants' showing that he did not suffer from any imminent danger at the time he filed this action.

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1) Defendants' Motion to Revoke Plaintiff's IFP Status and to Dismiss under the "Three Strikes" provision of 28 U.S.C. § 1915(g) is **GRANTED**.

2) This action is **DISMISSED** without prejudice for failure to pay the $350 civil filing fee required by 28 U.S.C. § 1914(a); and

///

///

3) Plaintiff must pay the $350 filing fee in full within thirty (30) days from the date this Order is Filed. If Plaintiff fails to pay the filing fee within thirty (30) days, this action shall remained closed without further Order of the Court.

DATED: 9/16/13

HON. ROGER T. BENITEZ
United States District Court